# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | John Darrah |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5805 | **DATE** | 9-21-10 |
| **CASE TITLE** | Rafael Alvarado (2009-1107001) vs. Cook County Jail, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $13.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions, and a copy of this order. Failure to timely comply with this order may result in the dismissal of the case.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Rafael Alvarado, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $13.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that beginning December 25, 2009, he started "complaining" about pain in his leg from a previous gun shot wound. Defendants ignored him, so he received a court order from the judge in his state criminal proceeding for Cook County Jail to allow him to wear his gym shoes while in custody (subject to the rules and regulations of the Sheriff's Department).

Plaintiff next alleges that in early June of 2010, he started requesting medical care for pain in his right eye. Lastly, Plaintiff alleges that at some undisclosed time he started having a rash on his face. Plaintiff showed the rash to numerous correctional officers and nurses but was only provided detainee medical request forms and grievance forms.

On August 10, 2010, Plaintiff sent a letter to Superintendent Maurise informing him that he has not received medical care for his eyes, leg and rash. On August 20, 2010, Plaintiff sent a letter to Director Salvador Godinez informing him that he has not received medical care for his eyes, leg and rash. Plaintiff had not received a response from either Superintendent Maurise or Director Godinez at the time he filed his suit (September 2, 2010, based on the

# STATEMENT

latest date noted in the complaint as the complaint itself is not dated).

Plaintiff must submit an amended complaint, as the document on file fails to state a claim against a named defendant and it contains misjoined claims.

Plaintiff names Cook County Jail as the "medical services provider" as a Defendant. However, Cook County jail is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993).

Plaintiff also names Director Godinez and Superintendent Maurise as Defendants. Plaintiff's only allegation as to these Defendants is that he sent them a letter regarding his lack of medical care shortly before he filed suit. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). A supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Plaintiff does not allege that these individuals were aware of his medical issues and failed to take timely action to correct the situation, and, by his own pleadings, he did not send them a letter regarding his medical issues until shortly before he filed suit. Furthermore, sending an official one letter regarding his lack of medical care is insufficient to demonstrate deliberate indifference to Plaintiff's medical care. *See Crowder v. Lash*, 687 F.2d 996, 1005-06 (7th Cir. 1982). Lastly, Plaintiff names "Cermak Director" as a Defendant. Plaintiff does not make any allegations against a "Cermak Director." Thus, he has failed to state a claim against this "individual." Plaintiff must name the individuals that were personally involved in the alleged denial of medical care (knew of his needed medical needs and failed to take any action).

Furthermore, Plaintiff's complaint includes misjoined claims.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" Plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this . . . suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has likewise submitted a complaint challenging three separate medical care issues over different time periods.

The issue of multiple claims in the same suit is further highlighted in this case because it is unclear whether Plaintiff fully exhausted his administrative remedies as to each of the three medical issues he raises.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, plaintiff's failure to exhaust appears on the face of the complaint and is supported by his exhibits.

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the *prison's* administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added); *see also Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25.

Here, Plaintiff alleges that he has attempted to exhaust his administrative remedies but has not received timely responses to his grievances. Plaintiff attaches multiple grievances to is complaint. However,, these grievances appear to show that Plaintiff has not fully exhausted his administrative remedies as to at least some of his claims. For

| STATEMENT |
|---|

example, his grievance regarding medical care for his eye was submitted on July 29, 2010; he received a response on August 14, 2010; and he appealed that response on August 14, 2010, just two weeks before he filed suit. Plaintiff must allow sufficient time for the grievance procedure to be completed and cannot initiate his suit during the time frames allowed by the grievance procedure. *See Ford*, 362 F.3d at 398; *Perez,* 182 F.3d at 536-37.

    Thus, Plaintiff should assure that if he chooses to proceed on a claim in this lawsuit, that he has fully exhausted his administrative remedies as to that claim prior to the time he filed this suit.

    For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies) . As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

    Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

    If Plaintiff does not timely comply with this order, this case may be dismissed.